**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**CHARLES SCOTT STOVALL**                                                                                   **PLAINTIFF**

V.                                    **CASE NO.: 3:08CV00175 BD**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration**                                                                            **DEFENDANT**

## ORDER

Pending is Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (docket entry #24). In her motion, Plaintiff requests fees and expenses in the amount of $5,696.28. The Commissioner does not object to the amount requested. (#25 at p. 1) Accordingly, Plaintiff's motion is GRANTED.

Plaintiff's counsel has not attached to his brief in support of the motion any contract he entered into with Plaintiff assigning his right to any EAJA fees and costs awarded in his case to his counsel. Defendant contends that under *Astrue v. Ratliff*, --- U.S. ----, 130 S.Ct. 2521, 2527, 2010 WL 2346547 (2010), any check awarding fees and costs under the EAJA should be made payable to Plaintiff, but states in his brief that "[a]s a practical matter, the Commissioner can issue the actual payment of any EAJA fees to Plaintiff's attorney if Plaintiff signed a valid assignment of attorney fees to his attorney and Plaintiff owes no debt to the U.S. Government, which the U.S. Department of

1

Treasury will verify for the undersigned once the Court issues its Order on Plaintiff's EAJA Petition." (#25 at p. 2)

Accordingly, the Court requests that Plaintiff's counsel, within twenty-one days of the date of the entry of this order, file a supplemental reply addressing whether a contract exists in which Plaintiff has assigned his rights to attorney fees to his counsel and attaching any such contract.

Defendant's counsel shall have twenty-one days after Plaintiff files a supplemental reply to file a supplemental response stating: (1) whether he contests the validity of the assignment contract between Plaintiff and his attorney; (2) whether Plaintiff owes the federal government a debt; and (3) if Plaintiff owes the federal government a debt, the amount of that debt and whether the government intends to pursue an administrative offset against the EAJA award.

Plaintiff's counsel will have fourteen days to file a second, supplemental reply addressing any issues raised in the supplemental response. Plaintiff is an interested party because if the Commissioner succeeds in challenging the validity of the assignment, he may be entitled to receive the EAJA attorney's fees and expenses. Accordingly, Plaintiff's counsel is directed to immediately provide Plaintiff with a copy of this order and all pleadings filed by the parties in response to this order.

IT IS SO ORDERED this 3rd day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE