**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**CHARLES SCOTT STOVALL**                                                                          **PLAINTIFF**

**V.**                        **CASE NO.: 3:08CV00175 BD**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration**                                                                    **DEFENDANT**

## ORDER

In an order filed November 3, 2010, this Court granted Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,696.28. (docket entry #26)

Plaintiff's counsel attached a copy of an "assignment of EAJA fee" he entered into with Plaintiff to a memorandum filed in response to this Court's November 3, 2010, order. (#27 at p.2) In the agreement, Plaintiff assigned his rights to any EAJA fees and costs awarded in his case to his attorney, Robert Young, and asked that the payment of the fees and costs be made directly to his attorney. (#27 at p. 2)

At the Court's request, the Commissioner has responded to the Plaintiff's request to have the fee award made payable directly to his counsel. The Commissioner, in his response, contests the validity of the assignment to the extent that it does not comply with the Anti-Assignment Act, 31 U.S.C. § 3727, which provides, among other things, that in order to be valid, an assignment must be made after a claim is allowed and the amount of

the claim is decided. (#28 at pp. 1-2) The Commissioner goes on, however, to state that "in an effort to work with Plaintiff's bar, the Commissioner has determined that, if there is no debt owed, the Commissioner will waive the requirements of the A-A Act and honor the agreement between the plaintiff and her [sic] attorney by paying the EAJA award directly to the plaintiff's attorney."[1] (#28 at p. 4)

Accordingly, the Court will honor the Plaintiff's assignment to the extent Plaintiff does not owe any debts subject to administrative offset under the Treasury Department's Offset Program ("TOP"). The Commissioner shall contact the Treasury Department to determine whether Plaintiff owes any debt, as of the date of this order. If Plaintiff owes any debt under the TOP, the Commissioner shall pay the EAJA award to Plaintiff, deducting any offset owed under the TOP. If Plaintiff does not, however, owe a debt under the TOP, the Commissioner shall make the EAJA award check payable directly to Plaintiff's attorney, Robert P. Young, and mail it to Mr. Young.

IT IS SO ORDERED this 30th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Commissioner also notes that it is the government's policy and practice to pay the EAJA fee to the Plaintiff, in care of her attorney, and mail a check directly to the attorney. (#28 at FN1)